UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1-03-cr-73-06 |
| | ) | Judge Edgar |
| | ) | |
| DAVID CONLEY | ) | |

## MEMORANDUM AND ORDER

Defendant and federal prisoner David Conley has made a *pro se* motion captioned "MOTION FOR OUT OF TIME APPEAL." [Doc. No. 264]. Conley moves pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure to reopen the time for him to file an appeal. After reviewing the record, the Court concludes that the motion will be denied.

**I.  Background**

On March 6, 2008, Conley filed a *pro se* motion to compel specific performance of his plea agreement. [Doc. No. 254]. Conley contended that the United States Attorney breached the terms of the plea agreement by not making a motion for reduction of his sentence pursuant to Fed. R. Crim. P. 35(b) based upon Conley's alleged substantial assistance.

On July 11, 2008, the United States Attorney filed a brief in response opposing the motion. [Doc. No. 260]. E.D.TN. LR 7.1(a) provides that any reply brief and accompanying material shall be served and filed no later than five days after the service of the answering brief. Under Local Rule 7.1(a), Conley had five days to file a reply brief. Conley did not timely file a reply brief.

On July 30, 2008, the Court rendered a memorandum and order [Doc. No. 261] denying

1

Conley's motion. The Clerk of the District Court mailed a copy of the memorandum and order to Conley at his last known address at the Federal Prison Camp, Atlanta, Georgia. The envelope addressed to Conley was not returned to the Clerk of the District Court by the United States Postal Service as undeliverable.

Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provides that in a criminal case, a defendant's notice of appeal must be filed in the district court within ten days after the entry of either the judgment or the order being appealed. Conley did not file a notice of appeal within the ten-day time limit required by Fed. R. App. P. 4(b)(1)(A). Conley contends that the reason he did not timely file a notice of appeal is because he did not receive by mail a copy of the Court's July 30, 2008, memorandum and order.

On August 14, 2008, the Clerk of Court received a late reply brief from Conley. [Doc. No. 262]. The reply brief was filed after the deadline for a reply brief had expired and after the Court had already rendered its decision denying Conley's motion to compel specific performance of his plea agreement. Moreover, there was nothing in the reply brief that would have persuaded the Court to modify or change its decision.

On December 18, 2008, Conley wrote a letter addressed to District Judge R. Allan Edgar inquiring about the status of the motion to compel specific performance of his plea agreement. On January 6, 2009, Judge Edgar's law clerk mailed a letter in reply and furnished Conley with a copy of the July 30, 2008, memorandum and order.

## II.    **Motion to Reopen Time to File Appeal**

Conley's instant "MOTION FOR OUT OF TIME APPEAL" [Doc. No. 264] contains a certificate of service showing that Conley mailed it from federal prison on January 15, 2009. The

motion was received by the Clerk of the District Court and docketed on January 21, 2009. Applying the prisoner mailbox rule, the Court deems the motion to have been effectively filed on January 15, 2009, when federal prisoner Conley mailed it.

The gist of the motion is that Conley moves pursuant to Fed. R. App. P. 4(a)(6) to reopen the time for him to file an appeal. Conley wants to take an appeal from the memorandum and order entered by this Court on July 30, 2008.

### A.     Fed. R. App. P. 4(a)(6) Not Applicable In This Criminal Case

Conley misreads Fed. R. App. P. 4. He fails to comprehend that the procedures governing notices of appeal in civil cases are different from the procedures that apply in criminal cases. Fed. R. App. P. 4(a) only applies to and governs the filing of notices of appeal in civil cases, not criminal cases. Fed. R. App. P. 4(b) applies to and governs the filing of notices of appeal in criminal cases.

Conley's reliance on Fed. R. App. P. 4(a)(6) is misplaced. Fed. R. App. P. 4(a)(6) provides that in civil cases, the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied: (1) the district court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after its entry; (2) the motion to reopen the time to appeal is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed, whichever is earlier; and (3) the court finds that no party would be prejudiced.

The problem for Conley is that Fed. R. App. P. 4(a)(6) only applies to appeals in civil cases, and it is not applicable in Conley's criminal case. Any appeal by Conley in this criminal case is

3

governed by Fed. R. App. P. 4(b), not Fed. R. App. P. 4(a)(6). Under Fed. R. App. P. 4(b) this Court has no authority to "reopen" the time for Conley to file an appeal in this criminal case. There is no provision in Fed. R. App. P. 4(b) that is comparable or equivalent to Fed. R. App. P. 4(a)(6) with regard to reopening the time to file an appeal. Accordingly, Conley's motion pursuant to Fed. R. App. P. 4(a)(6) to reopen the time for him to file an appeal in his criminal case is frivolous.

**B.    Fed. R. App. P. 4(b)(4) Extension of Time**

To completely dispose of this matter, the Court liberally construes and treats Conley's *pro se* motion [Doc. No. 264] as one seeking an extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(b)(4). This motion is denied. At this juncture, it is far too late for Conley to obtain an extension of time to file a notice of appeal under Fed. R. App. P. 4(b)(4).

Fed. R. App. P. 4(b)(4) provides: "Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this rule 4(b)." The time limit for filing a notice of appeal in a criminal case may be extended by a district court but only up to a maximum of 40 days from the date of the judgment or order being appealed.

To obtain an extension of time under Fed. R. App. P. 4(b)(4) to file a notice of appeal, Conley was required to make a motion in this Court for extension of time within 40 days from the entry of the July, 30, 2008, memorandum and order that he seeks to appeal. This Conley failed to do. Applying the prison mailbox rule, federal prisoner Conley mailed and effectively filed his instant motion [Doc. No. 264] on January 15, 2009, which is long after the maximum 40-day time limit in Fed. R. App. P. 4(b)(4) had expired.

4

Because Conley did not make a motion for extension of time within 40 days from the entry of the July, 30, 2008, memorandum and order, this Court lacks jurisdiction and authority to extend the time for him to file a notice of appeal under Fed. R. App. P. 4(b)(4). *United States v. Douglas*, 238 F.3d 424 (Table, text in 2000 WL 1871727 (6th Cir. Dec. 12, 2000)); *United States v. Berry*, 230 F.3d 1360 (Table, text in 2000 WL 1434623 (6th Cir. Sept. 22, 2000)); *United States v. Dennis*, 191 F.3d 453 (Table, text in 1999 WL 777510 (6th Cir. Sept. 16, 1999)); *United States v. Tarrant*, 158 F.3d 946 (6th Cir. 1998); *United States v. Wrice*, 954 F.2d 406, 408 (6th Cir. 1992); *United States v. Christoph*, 904 F.2d 1036, 1039-40 (6th Cir. 1990); *United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir. 1977).

Conley contends that the reason he did not file a notice of appeal is because he never received by mail from the Clerk of the District Court a copy of the July 30, 2008, memorandum and order. Even if we assume for the sake of argument that Conley is correct on this particular point, it does not change and have an impact on the proper analysis under Fed. R. App. P. 4(b)(4). With regard to the question of whether this Court is authorized to allow an extension of time under Fed. R. App. P. 4(b)(4) to file a notice of appeal, it is immaterial whether Conley failed to receive by mail from the Clerk of the District Court a copy of the July 30, 2008, memorandum and order. Conley's alleged lack of notice of the entry of the July 30, 2008, memorandum and order cannot enlarge or alter the strict time limits on this Court's jurisdiction and authority under Fed. R. App. P. 4(b)(4) to allow an extension of time to file a notice of appeal.

In criminal cases, notice to the parties of the entry of court orders is governed by Fed. R. Crim. P. 49(c). Rule 49(c) provides that when the district court issues an order in a criminal case, the Clerk of the District Court must provide notice to the parties in a manner provided for in a civil

5

Case 1:03-cr-00073-CLC-WBC   Document 268   Filed 01/29/09   Page 5 of 7   PageID #: 131

action. The second sentence in Rule 49(c) states: "Except as Federal Rule of Appellate Procedure 4(b) provides otherwise, the clerk's failure to give notice does not affect the time to appeal, or relieve – or authorize the court to relieve – a party's failure to appeal within the allowed time."

The interplay between Fed. R. Crim. P. 49(c) and Fed. R. App. P. 4(b)(4) is discussed in 3B Wright, King & Klein, Federal Practice and Procedure: Criminal 3d § 823 (2004). Assuming *arguendo* that Conley did not receive notice from the Clerk of the District Court of the entry of the July 30, 2008, memorandum and order, then such lack of notice may constitute excusable neglect for Conley not filing a notice of appeal in his criminal case within the ten-day time limit required by Fed. R. App. P. 4(b)(1)(A). An extension of time to file a notice of appeal may be allowed under Fed. R. App. P. 4(b)(4) if the party moving for the extension of time can show excusable neglect. However, any such lack of notice does not change, enlarge, or extend the maximum time limit of 40 days imposed by Fed. R. App. P. 4(b)(4). The second sentence in Fed. R. Crim. P. 49(c), quoted *supra*, precludes this Court from granting an extension of time to Conley because of a lack of notice if the motion for extension of time is filed beyond and after expiration of the maximum 40 days allowed by Fed. R. App. P. 4(b)(4).

In sum, because Conley did not file a motion for extension of time within the maximum time limit of 40 days imposed by Fed. R. App. P. 4(b)(4), this Court lacks jurisdiction and authority to allow him any extension of time to file a notice of appeal. The Court reaches this conclusion regardless of whether Conley did or did not receive notice from the Clerk of the District Court of the entry of the July 30, 2008, memorandum and order. Under Fed. R. Crim. P. 49(c), it does not make any difference if there was lack of notice to Conley.

### III. Conclusion

Conley's *pro se* motion pursuant to Fed. R. App. P. 4(a)(6) to reopen the time to file an appeal [Doc. No. 264], which is liberally construed and treated as a motion for extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(b)(4), is **DENIED**.

SO ORDERED.

ENTER this the 29th day of January, 2009.

                               */s/ R. Allan Edgar*
                               R. ALLAN EDGAR
                               UNITED STATES DISTRICT JUDGE